CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 12 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| STEVEN A. McCARTHY, | ) |
| | ) Civil Action No. 5:04CV00070 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) By: Honorable Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(I) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Steven A. McCarthy, was born on September 6, 1956 and eventually completed his high school education. Plaintiff has worked as a laborer in a nursery, warehouseman, assembler, delivery man, poultry worker, drywall finisher, and handyman. He last worked on a regular and sustained basis in 1999. On January 31, 2002, Mr. McCarthy filed applications for disability insurance benefits and supplemental security income benefits. Earlier applications for such benefits had proven unsuccessful. In his more recent applications, plaintiff alleged that he became disabled for all forms of substantial gainful employment on November 14, 2000 due to foot and back pain;

peroneal neuropathy; disk degeneration in the lumbar spine, and disk bulging in the lumbar spine. Mr. McCarthy now maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, generally, 42 U.S.C. §§ 414 and 423.

Mr. McCarthy's claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated September 4, 2003, the Law Judge also determined that Mr. McCarthy is not disabled. While the Law did not make explicit findings as to the nature or diagnoses of plaintiff's physical conditions, the Law Judge noted that Mr. McCarthy has a history of problems associated with the partial amputation of his left foot, musculoskeletal difficulties in the lower back, and some degree of peripheral neuropathy. Because of these impairments, the Law Judge ruled that Mr. McCarthy is unable to perform any of his past relevant work roles. However, the Law Judge determined that plaintiff retains sufficient functional capacity for less than a full range of sedentary exertion. The Law Judge assessed plaintiff's residual functional capacity as follows:

> During the period from January 19, 2001, through the present the claimant has had the following specific work-related functional capacities and limitations – he can lift up to 10 pounds occasionally and a lesser amount frequently; he can perform only work allowing him the option to sit or stand while working as needed for comfort and the option to alternate between these positions; and he is unable to use his left leg to operate foot pedals. (TR 30).

Given such a residual functional capacity, and after considering Mr. McCarthy's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that plaintiff retains sufficient functional capacity for several specific sedentary work roles which exist

in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. McCarthy is not disabled, and that he is not entitled to benefits under either federal program. See, generally, 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. McCarthy has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Mr. McCarthy has a history of musculoskeletal problems. In addition to residuals of a partial left foot amputation resulting from a work-related accident, Mr. McCarthy suffers from multilevel disk degeneration, particularly at L-5, with a right posterior lateral disk protrusion, and bilateral recessed stenosis moderately severe on the right. Plaintiff's treating physician, Dr. Nando Visvalingam, a neurologist, has produced reports on several occasions which indicate that Mr. McCarthy is totally disabled. The Administrative Law

3

Judge discounted Dr. Visvalingam's medical opinions, noting that the physical findings described by the neurologist do not support a determination of totally disabling subjective discomfort.

The court agrees that Dr. Visvalingam's clinical findings as to plaintiff's residual functional capacity are not overly detailed. On the other hand, more recently, Dr. Visvalingam has interpreted an MRI study to indicate that Mr. McCarthy's musculoskeletal problems meet or equal the impairment listed under Rule 1.04(A) of Appendix I to Subpart P of the Administrative Regulations Part 404. The Administrative Law Judge rejected this finding. In so doing, the Law Judge cited reports from state agency physicians which were compiled before the MRI study referenced by Dr. Visvalingam, and without benefit of the neurologist's assessment. The Administrative Law Judge undertook his own review of various musculoskeletal and neurological listings in Appendix I, and concluded that Mr. McCarthy's condition does not meet or equal any listed impairment. In so doing, the Law Judge did not rely on the report of any other physician or medical specialist, other than for the state agency physicians who reviewed the medical record prior to the development of Dr. Visvalingam's neurological reports. The court concludes that the Administrative Law Judge does not possess sufficient medical expertise to reach such a conclusion, and that in any event, the administrative regulations require input from a physician prior to a determination that a claimant's impairments do not meet or equal a listed impairment. The court find "good cause" for remand of this case to the Commissioner for further development and consideration

Under 20 C.F.R. § 404.1520(d) and 416.920(d), it is provided that if a claimant suffers from an impairment, or combination of impairments, which meets or equals an impairment listed under Appendix I to Subpart P, the claimant will be found disabled without consideration of factors such as age, education, and prior work experience. In response to an inquiry from plaintiff's attorney, Dr.

4

Visvalingam checked a form so as to indicate his belief that plaintiff suffers from a listed impairment under Rule 1.04(A) of Appendix I. Dr. Visvalingam did not explain his opinion, other than to refer to earlier clinical notes and the MRI study report. In the court's view, the clinical notes and MRI report could be read to indicate some nerve root compression, limitation of motion, and lumbar radiculopathy, as required under Rule 1.04(A). On the other hand, it is less clear that Mr. McCarthy suffers from the reflex loss, positive straight leg raising, and atrophy described under the listing. The difficulty in the case is that no medical consultant, state agency physician, or medical advisor was asked to consider whether the study findings and clinical notes support the existence of an impairment which meets or equals the crucial listing. The absence of such medical input is particularly striking given Dr. Visvalingam's opinion, albeit conclusory, that Mr. McCarthy's condition does meet or equal a listing.[1]

In determining whether a claimant's impairment, or combination of impairments, is medically equivalent to a listed impairment in Appendix I, 20 C.F.R. §§ 404.1526(b) and 416.926(b) provide as follows:

> *Medical equivalence must be based on medical findings.* We will always base our decision about whether your impairment(s) is medically equal to a listed impairment on medical evidence only. Any medical findings in the evidence must be supported by medically acceptable clinical and laboratory diagnostic techniques. <u>We will also consider the medical opinion given by one or more medical or psychological consultants designated by the Commissioner in deciding medical equivalence</u>. (Emphasis added).

In Mr. McCarthy's case, no medical consultant or advisor offered any evidence to contradict Dr. Visvalingam's opinion that the MRI study demonstrates the existence of impairments which meet

---

[1] In passing, the court notes that the Administrative Law Judge recognized that Dr. Visvalingam qualifies both as a treating physician and medical specialist. (TR 302, 304).

5

or equal a listing. No medical advisor testified at the administrative hearing. Instead, the Administrative Law Judge attempted to substitute his opinion for that of the treating medical specialist, without benefit of any additional medical findings or input. In such circumstances, the court cannot conclude that the Commissioner's resolution of the issues under Step 3 of the Sequential Disability Analysis (120 C.F.R. §§ 404.1520(d) and 416.920(d)) is supported by substantial evidence. The court finds "good cause" for remand of this case to the Commissioner for further consideration as to whether plaintiff's musculoskeletal impairments are such as meet or equal a listed impairment under Appendix I.

For the reasons stated, the court has found "good cause" for remand of this case to the Commissioner for further development and consideration as outlined above. If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record, and any supplemental medical reports or opinions as may become available, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument. If a supplemental hearing is conducted, the court believes that it would be helpful if a qualified medical advisor could be designated to consider the severity of plaintiff's musculoskeletal impairment vis-a-vis the medical listings under Appendix I. An appropriate order of remand will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This 11td day of May, 2005.

*[signature]*
United States District Judge